52 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles J. ESTER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5017.
 United States Court of Appeals, Federal Circuit.
 April 7, 1995.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Charles J. Ester appeals the August 30, 1994 decision of the United States Court of Federal Claims, Docket Number 93-14C, which granted the United States' motion for summary judgment and dismissed Ester's complaint. We affirm.
 
 DISCUSSION
 
 2
 Ester first enlisted in the Marine Corps on September 9, 1974. He served continuously on active duty for more than 15 years, advancing to the rank of Staff Sergeant. On June 7, 1988, prior to the expiration of his enlistment, Ester requested reenlistment. The Marine Corps determined that additional observation was required prior to allowing Ester's reenlistment. Accordingly, the Marine Corps and Ester agreed to a series of time extensions, each allowing Ester to continue his service. On August 28, 1989, Ester received a third and final extension, this one for two months. On October 27, 1989, Ester was honorably discharged from the Marine Corps.
 
 
 3
 Ester then timely filed this action in the United States Court of Federal Claims. Ester argued that the Marine Corps violated its own regulations, specifically Marine Corps Order 1610.15 (Dec. 24, 1987), by failing to place him in the Enlisted Substandard Performance Program (ESPP) before he was discharged. The intent of this program is to warn non-commissioned officers of repeated reports of their substandard performance and the possibility of administrative separation or denial of reenlistment. Marines who are placed in the ESPP are sent letters of notification stating that they have been placed in the program and warning them of possible dismissal or denial of reenlistment. Ester also argued that he was entitled to full retirement benefits, three years of back pay and damages for mental suffering because he was discharged prior to the end of his enlistment period.
 
 
 4
 On January 26, 1994, the Court of Federal Claims denied, in part, the government's motion to dismiss and denied Ester's motion for summary judgment. The court found that the "possibility that the Marine Corps violated its own regulations ... may entitle plaintiff to some type of monetary relief, [thus preventing] dismissal." However, the court did grant the government's motion to dismiss "to the extent that plaintiff claims relief for mental suffering."
 
 
 5
 On August 30, 1994, the Court of Federal Claims granted the government's motion for summary judgment, denied Ester's cross-motion for summary judgment and ordered dismissal of the complaint. The court found: (1) that the record showed that Ester did not have a claim for back pay since he served to the end of his enlistment period; and (2) that placement in the ESPP is discretionary and, therefore, the Marine Corps did not violate its regulations by failing to place Ester in the ESPP. Since Ester failed to prove a claim for monetary relief, the court granted judgment to the United States and dismissed Ester's complaint. Ester now appeals to this court.
 
 
 6
 Since this case was decided upon cross motions for summary judgment, our review of the Court of Federal Claims decision is plenary. Pine Prods. Corp. v. United States, 945 F.2d 1555, 1558 (Fed.Cir.1991).
 
 
 7
 Ester continues to argue that he is entitled to relief because he was discharged prior to the end of his enlistment period. The government maintains that Ester's enlistment period ended on October 27, 1989, the date of his discharge. This date was documented on the "Certificate of Release or Discharge from Active Duty." Moreover, an "Agreement to Extend Enlistment," signed by Ester, clearly states that the third and final extension expired on October 27, 1989. Ester, however, asserts that his chronological record lists the expiration of his enlistment period as November 7, 1989. The Court of Federal Claims found this to be a "clerical" error. In light of the authoritative official documentation, we conclude that there is no genuine issue of material fact as to the expiration of Ester's enlistment period since no reasonable jury could find that Ester's enlistment ended on November 7, 1989. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985).
 
 
 8
 Ester's argument that the Marine Corps violated Marine Corps Order 1610.15 likewise fails to demonstrate the existence of a genuine issue of material fact.
 
 
 9
 Marine Corps Order 1610.15 clearly does not mandate that all Marines who fit the criterion established by it--to wit, substandard performance--be placed in the ESPP. Its plain meaning demonstrates its discretionary nature. Ester has not shown that the Marine Corps abused its discretion by failing to place him in the ESPP. Moreover, the record demonstrates that Ester was aware of his substandard performance given the non-judicial punishments, administrative counseling sessions and fitness reports which he received. Therefore, Ester, a potential reenlistee, substantially received the notice and counseling put forth in Marine Corps Order 1610.15 for personnel facing administrative separation.
 
 
 10
 Ester has utterly failed to demonstrate that he is entitled to relief and that triable issues of fact were presented by his evidence. Summary judgment was, therefore, proper.